Filed 4/25/14  P. v. Vasquez CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F066174 |
| v. | (Super. Ct. No. CF96601054) |
| LUCIO VASQUEZ, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Houry A. Sanderson, Judge.

Carol Foster, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Cornell, J., and Peña, J.

Appellant, Lucio Vasquez, appeals from the court's denial of his motion to vacate judgment. Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On October 18, 1996, an officer stopped the car Vasquez was driving because Vasquez was playing music too loudly. During the stop, the officer discovered a golf ball size package containing methamphetamine weighing 19.7 grams in Vasquez's jacket or shirt pocket.

On January 7, 1997, Vasquez pled guilty to possession for sale of methamphetamine. (Health & Saf. Code, § 11378.)

On March 26, 1997, he was sentenced to a suspended sentence of two years and placed on probation for three years.

Vasquez had been a lawful permanent resident since March 3, 1993. In November 2010, Vasquez consulted with an attorney for assistance in becoming a United States citizen and learned for the first time that his possession for sale conviction made him ineligible to do so.

On September 14, 2011, Vasquez hired Attorney Roger Litman to help him set aside his plea in that matter.

On August 3, 2012, Litman filed a motion to vacate Vasquez's 1997 plea alleging, in pertinent part, that Vasquez's defense counsel never advised him of the immigration consequences of his plea or go over the change of plea form with him.

At a hearing on September 19, 2012, the court denied the motion.

Vasquez's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Vasquez has not responded to this court's invitation to submit additional briefing.

2

Following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.